**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 26-263** |
| **v.** | : | **DATE FILED: ___________** |
| **JOSE GONZALEZ**<br>**JAMIE VELEZ**<br>**OSWALDO MERCED-RIVERA**<br>**ANYELO RONDON-HERRERA** | : | **VIOLATIONS:**<br>**21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (conspiracy to distribute controlled substances – 1 count)**<br>**21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C) (possession with intent to distribute controlled substances – 2 counts)**<br>**21 U.S.C. § 841(a)(1), (b)(1)(B) (distribution of controlled substances – 1 count)**<br>**21 U.S.C. § 841(a)(1), (b)(1)(C) (distribution of controlled substances resulting in death – 1 count)**<br>**Notice of forfeiture** |

**<u>SUPERSEDING INDICTMENT</u>**

**<u>COUNT ONE</u>**

**THE GRAND JURY CHARGES THAT:**

1. From at least in or about July 2025, through on or about March 12, 2026, in the Eastern District of Pennsylvania, and elsewhere, defendants

**JOSE GONZALEZ,**
**JAMIE VELEZ,**
**OSWALDO MERCED-RIVERA, and**
**ANYELO RONDON-HERRERA**

conspired and agreed, together and with others known and unknown to the grand jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. It is further alleged that, with respect to the conspiracy charged in this Count, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance, is attributable to and was reasonably foreseeable to defendants JOSE GONZALEZ, JAMIE VELEZ, OSWALDO MERCED-RIVERA, and ANYELO RONDON-HERRERA, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

3. It is further alleged that, before defendant JOSE GONZALEZ committed the offense charged in this count, defendant GONZALEZ had a final conviction for a serious drug felony, that is, a conviction on or about September 26, 2016, in the Commonwealth of Pennsylvania for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, in violation of 35 Pa. C.S.A. § 780-113(a)(30), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

## MANNER AND MEANS

It was part of the conspiracy that:

1. Defendant JOSE GONZALEZ was a leader of a drug trafficking organization (hereinafter, the "HOT SAUCE DTO"), which received, processed, and distributed bulk quantities of fentanyl in the area of the 2800 block of Kensington Avenue in Philadelphia, Pennsylvania, and elsewhere. As part of his leadership role, defendant GONZALEZ directed and coordinated other members of the drug trafficking conspiracy. Defendant GONZALEZ also was responsible for supplying drugs to the HOT SAUCE DTO which he and other members of the HOT SAUCE DTO resold to customers in Philadelphia.

2. Defendants JAMIE VELEZ and OSWALDO MERCED-RIVERA were the block managers and supervisors ("case workers") in the HOT SAUCE DTO responsible for coordinating the distribution of fentanyl, specifically fentanyl stamped "Hot Sauce," from the 2800 block of Kensington Avenue, Philadelphia. As part of their roles, defendants VELEZ and MERCED-RIVERA directed other members of the HOT SAUCE DTO and supervised many of the day-to-day aspects of the HOT SAUCE DTO's drug trafficking operations on behalf of defendant JOSE GONZALEZ.

3. Defendant ANYELO RONDON-HERRERA was responsible for the packaging and stamping of fentanyl, including but not limited to fentanyl stamped "Hot Sauce," and supplied pre-packaged fentanyl to others, including defendant JOSE GONZALEZ, for purposes of distribution to other members of the HOT SAUCE DTO and for re-sale on the 2800 block of Kensington Avenue in Philadelphia on behalf of the HOT SAUCE DTO.

4. Defendants JAMIE VELEZ and OSWALDO MERCED-RIVERA resupplied and delivered street sale quantities of controlled substances to the HOT SAUCE DTO members, and collected money from the daily sales of fentanyl, specifically fentanyl stamped "Hot Sauce," from those sellers, including from PERSON #1, known to the grand jury, as well as at least four other unidentified sellers, unknown to the grand jury.

5. Defendants JAMIE VELEZ and OSWALDO MERCED-RIVERA, along with the street-level dealers, including PERSON #1, regularly made street level drug sales ("hand-to-hand transactions") to HOT SAUCE DTO's customers and collected payments from those customers.

6. The HOT SAUCE DTO utilized multiple locations in the Eastern District of Pennsylvania, including premises located in Philadelphia, Pennsylvania, that is, in the area of

2812 Rawle Street, 4719 Hartel Avenue, 7151 Montague Street, 1522 W. Wingohocking Street, and the 2800 block of Kensington Avenue, as sites used to store, process, and distribute controlled substances and drug proceeds, as well as to conduct drug transactions.

7. The HOT SAUCE DTO utilized multiple vehicles in the Eastern District of Pennsylvania, including but not limited to a gold Toyota Highlander bearing Pennsylvania license MJS-3676, a red Chevrolet Malibu bearing Pennsylvania license MMH-4904, a silver Kia with Pennsylvania license MXN-2977, a white Honda Civic bearing Pennsylvania license MYF-6263 and a grey Honda Accord bearing Pennsylvania license MZG-6353, in order to store and transport controlled substances and U.S. Currency, the proceeds of their drug trafficking activities.

8. The HOT SAUCE DTO branded their fentanyl "Hot Sauce" in order to market that particular fentanyl to customers. The HOT SAUCE DTO sold fentanyl in "bundles," which each consisted of approximately 16 individual bags. The HOT SAUCE DTO consistently sold up to 100 bundles of fentanyl per day and, at a minimum, at least 200 bundles of fentanyl per week during the time of the drug trafficking conspiracy charged herein.

9. The HOT SAUCE DTO mixed fentanyl with various adulterants, also referred to as "cuts" containing controlled and non-controlled substances, including but not limited to, heroin, medetomidine, xylazine, carfentanil, tetracaine, procaine, phenyltetrahydromidazothiazole, lidocaine, and benzocaine, to make the supply go further, expand profit margins, and to "boost" and extend the drugs' effects.

10. The HOT SAUCE DTO utilized cellular devices to communicate with other members of the HOT SAUCE DTO regarding the supply and management of fentanyl sales on the 2800 block of Kensington Avenue, and to communicate with customers about the sale of

fentanyl. Defendants JAMIE VELEZ and OSWALDO MERCED-RIVERA often shared cellular devices, including ones bearing phone numbers 856-548-0841, 267-226-9091, and 215-954-0332, to coordinate the distribution of fentanyl stamped "Hot Sauce" to customers of the HOT SAUCE DTO. The user of these phone numbers often referred to himself as "Gordo" and answered to that nickname.

**OVERT ACTS**

In furtherance of the conspiracy, and to accomplish its objects, the defendants and others known and unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

On or about July 29, 2025:

1. Defendant OSWALDO MERCED-RIVERA used the telephone to send defendant JOSE GONZALEZ photographs related to the drug trafficking activities of the HOT SAUCE DTO and to discuss the arrest of a member of the HOT SAUCE DTO.

2. A member of the HOT SAUCE DTO known to the grand jury possessed with intent to distribute approximately 90 packets of controlled substances stamped "Hot Sauce" and approximately $1,178 in United States Currency.

3. Between on or about August 1, 2025, and August 2, 2025:

a. PERSON #1, along with others known and unknown to the grand jury, were actively involved in soliciting sales and distributing fentanyl stamped "Hot Sauce" on the 2800 Block of Kensington Avenue, in Philadelphia, to buyers and end-users.

b. The HOT SAUCE DTO, and PERSON #1 specifically, utilized an apartment located at or near 2838 Kensington Avenue as a stash location for fentanyl stamped

"Hot Sauce" product that members of the HOT SAUCE DTO would later distribute to customers.

c. PERSON #1 possessed with intent to distribute approximately 669 baggies of fentanyl stamped "Hot Sauce," the total weight of which was approximately 39.5 grams of a mixture and substance containing a detectable amount of fentanyl and medetomidine, all for redistribution by members of the HOT SAUCE DTO.

4. On or about August 3, 2025:

a. Defendant OSWALDO MERCED-RIVERA used the telephone number 267-226-9091 to coordinate a sale of fentanyl to an individual known to the grand jury as PERSON #2, and to coordinate a meeting at the 2800 block of Kensington Avenue, in Philadelphia.

b. Defendant JAMIE VELEZ met PERSON #2 at the 2800 block of Kensington Avenue and sold PERSON #2 approximately 4 bundles of fentanyl stamped "Hot Sauce" containing a mixture and substance containing a detectable amount of fentanyl mixed with carfentanil, xylazine, and medetomidine.

c. Defendants OSWALDO MERCED-RIVERA and JOSE GONZALEZ used the telephone to discuss the arrest of members of the HOT SAUCE DTO.

5. On or about August 7, 2025, PERSON #2 died as a result of ingesting fentanyl stamped "Hot Sauce" that PERSON #2 acquired from members of the HOT SAUCE DTO.

6. On or about August 14, 2025, defendants OSWALDO MERCED-RIVERA and JOSE GONZALEZ used the telephone to discuss the quality of the fentanyl supplied by the HOT SAUCE DTO.

7. On or about September 17, 2025:

a. Defendant OSWALDO MERCED-RIVERA used the telephone to communicate with an individual known to the grand jury as PERSON #3 to arrange the sale of approximately 4 bundles of fentanyl stamped "Hot Sauce" in exchange for U.S. Currency.

b. Defendant OSWALDO MERCED-RIVERA directed an individual, unknown to the grand jury, but who was working on behalf of the HOT SAUCE DTO, to meet with PERSON #3 in the area of 2800 Kensington Avenue, Philadelphia.

c. PERSON #3 met with the unidentified individual, at defendant OSWALDO MERCED-RIVERA's direction, and acquired fentanyl stamped "Hot Sauce."

8. On or about October 9, 2025:

a. "Gordo" used cellular telephone number 267-226-9091 to speak with an individual known to the grand jury as PERSON #4 about the price of fentanyl sold by the HOT SAUCE DTO. "Gordo" directed PERSON #4 to purchase the fentanyl from PERSON #1 in front of 2838 Kensington Avenue.

b. PERSON #1, a street-level seller working for the HOT SAUCE DTO, met PERSON #4 in the area of the 2800 block of Kensington Avenue and sold PERSON #4 111 baggies of fentanyl stamped "Hot Sauce," containing a total of approximately 6.475 grams of a mixture and substance containing a detectable amount of fentanyl mixed with medetomidine, tetracaine, procaine, lidocaine, and phenyltetrahydromidazothiazole.

9. On or about October 22, 2025:

a. "Gordo" used cellular telephone number 267-226-9091 to speak with an individual known to the grand jury as PERSON #5, and direct PERSON #5 to go to the

2800 block of Kensington Avenue and purchase fentanyl from an individual unknown to the grand jury working on behalf of the HOT SAUCE DTO.

b. PERSON #5 went to that location and bought approximately 80 baggies of fentanyl stamped "Hot Sauce" containing approximately 4.947 grams of a mixture and substance containing a detectable amount of fentanyl, mixed with medetomidine, tetracaine, and procaine, from an individual unknown to the grand jury working on behalf of the HOT SAUCE DTO.

10. On or about October 29, 2025:

a. Defendant JAMIE VELEZ used a gold Toyota Highlander to travel from 4719 Hartel Avenue to the 2800 block of Kensington Avenue where he met with PERSON #1 and others. PERSON #1 and three other individuals unknown to the grand jury engaged in hand-to-hand drug transactions on and around the 2800 block of Kensington Avenue.

b. "Gordo" used cellular telephone number 267-226-9091 to direct PERSON #5 to go to the 2800 block of Kensington Avenue and meet with someone working on behalf of the HOT SAUCE DTO to acquire fentanyl. During these phone calls, defendant JAMIE VELEZ was observed talking on a cellular telephone.

c. PERSON #5 went to the 2800 block of Kensington Avenue and spoke to "Gordo" via cellular telephone.

d. "Gordo" used the telephone to direct PERSON #5 to meet with PERSON #1 who sold PERSON #5 approximately 81 baggies of fentanyl stamped "Hot Sauce" containing approximately 6.202 grams of a mixture and substance containing a detectable amount of fentanyl mixed with medetomidine, tetracaine, and procaine, in exchange for U.S. Currency.

11. On or about November 14, 2025:

a. Defendant JOSE GONZALEZ exited his residence at 7151 Montague Street and left the area in a grey Honda Accord. A short time later, defendant GONZALEZ returned to his residence, exited the grey Honda, and secreted a large amount of square-shaped objects under his jacket.

b. Later that same day, defendant JOSE GONZALEZ left 7151 Montague Street and traveled to the rear of 4719 Hartel Avenue where he met defendant JAMIE VELEZ who handed defendant GONZALEZ a large shopping bag. After accepting the bag, defendant GONZALEZ returned the same bag to defendant VELEZ, although this time the bag was weighted down and contained square-shaped objects consistent with packaged bulk fentanyl.

12. On or about November 24, 2025:

a. Defendants JAMIE VELEZ and OSWALDO MERCED-RIVERA, and PERSON #1, along with other unidentified individuals unknown to the grand jury were on the 2800-block of Kensington Avenue with PERSON #1 conducting hand-to-hand transactions consistent with drug-trafficking.

b. PERSON #5 used the telephone to contact cellular telephone number 267-226-9091 and arranged to buy fentanyl stamped "Hot Sauce." During that phone call, defendant JAMIE VELEZ was observed speaking on a cellular device. As PERSON #5 approached defendant VELEZ, defendant VELEZ handed the phone to defendant OSWALDO MERCED-RIVERA.

c. Defendant JAMIE VELEZ went to the gold Toyota Highlander for a brief period of time before returning to the 2800 block of Kensington Avenue where defendant VELEZ delivered approximately 80 baggies of fentanyl stamped "Hot Sauce" containing

approximately 4.769 grams of a mixture and substance containing a detectable amount of fentanyl mixed with tetracaine, procaine and medetomidine, to PERSON #5 in exchange for U.S. Currency.

d. Following the transaction, defendant JAMIE VELEZ walked back to the Toyota Highlander and placed U.S. Currency inside the vehicle.

13. On or about January 5, 2026:

a. PERSON #5 contacted cellular telephone number 267-226-9091 and spoke with a male who directed PERSON #5 to go to the 2800 block of Kensington Avenue where "Gordo" was putting five bundles of fentanyl aside for PERSON #5.

b. As PERSON #5 arrived at the 2800 block of Kensington Avenue, defendants JAMIE VELEZ and OSWALDO MERCED-RIVERA were observed in that vicinity. PERSON #5 met with defendant VELEZ and others inside a commercial location on the 2800 block of Kensington Avenue where PERSON #5 acquired from members of the HOT SAUCE DTO approximately 77 baggies of fentanyl stamped "Hot Sauce" containing approximately 4.712 grams of a mixture and substance containing a detectable amount of fentanyl mixed with tetracaine, procaine, benzocaine, lidocaine, and medetomidine.

14. On or about January 8, 2026:

a. Defendant JOSE GONZALEZ left 7151 Montague Street and drove a white Honda Civic to an area near the intersection of Magee Street and Revere Street in Philadelphia, where defendant GONZALEZ parked. Shortly thereafter, defendant ANYELO RONDON-HERRERA drove a black Honda Civic, bearing Pennsylvania license LYN-5469 and parked that vehicle behind the white Honda Civic. Defendant GONZALEZ approached the driver's window of the black Honda Civic and spoke with defendant RONDON-HERRERA.

Defendant GONZALEZ then got into the black Honda Civic with defendant RONDON-HERRERA and stayed there for approximately twenty minutes.

b. Defendant JOSE GONZALEZ exited the black Honda Civic driven by defendant ANYELO RONDON-HERRERA holding and trying to conceal a large object under his sweatshirt. Defendant GONZALEZ returned to the white Honda Civic with the object and left the area.

c. After meeting with defendant ANYELO RONDON-HERRERA, defendant JOSE GONZALEZ traveled to the rear of 4719 Hartel Avenue, where he met defendant JAMIE VELEZ. Defendants GONZALEZ and VELEZ exchanged unknown objects in the rear of the residence before defendant GONZALEZ returned to 7151 Montague Street.

d. Approximately ten minutes later, defendant JAMIE VELEZ left 4719 Hartel Avenue and traveled to the 2800 block of Kensington Avenue. Upon arrival, defendant VELEZ handed several objects to an individual unknown to the grand jury who worked for the HOT SAUCE DTO who was then observed engaging in hand-to-hand transactions in the area.

15. On or about January 13, 2026:

a. Defendant JOSE GONZALEZ traveled in a white Honda Civic to the area of 3300 Aramingo Avenue, in Philadelphia. A short time later, defendant OSWALDO MERCED-RIVERA arrived in a red Chevrolet Malibu and parked next to defendant GONZALEZ who passed an unknown object to defendant MERCED-RIVERA in exchange for apparent U.S. Currency.

b. Defendant OSWALDO MERCED-RIVERA traveled to the 2800 block of Kensington Avenue where he met with PERSON #1 and another individual unknown to the grand jury before entering a commercial establishment on the block.

c. Following his meeting with defendant OSWALDO MERCED-RIVERA, defendant JOSE GONZALEZ traveled to the 2800 block of Magee Avenue in Philadelphia and met with defendant ANYELO RONDON-HERRERA inside of a black Chrysler Pacifica, operated by defendant RONDON-HERRERA, where defendant GONZALEZ handed U.S. Currency to defendant RONDON-HERRERA.

d. Defendant JOSE GONZALEZ exited the Chrysler Pacifica while secreting an object under his sweatshirt as he returned to the white Honda Civic and traveled back to 7151 Montague Street.

e. Later that day, defendant JOSE GONZALEZ traveled in the white Honda Civic to the 2800 block of Kensington Avenue where he met with defendant OSWALDO MERCED-RIVERA before entering a commercial establishment in the area.

16. On or about January 14, 2026, PERSON #5 arrived at the 2800 block of Kensington Avenue and met with defendant JAMIE VELEZ. Defendant VELEZ sold PERSON #5 approximately 5 bundles of fentanyl stamped "Hot Sauce" that defendant VELEZ retrieved from the gold Toyota Highlander parked nearby.

17. On or about February 2, 2026:

a. PERSON #5 contacted phone number 215-954-0332 to arrange the purchase of fentanyl stamped "Hot Sauce," and the male who answered the phone directed PERSON #5 to the area of the 2800 block of Kensington Avenue.

PERSON #5 arrived at the 2800 block of Kensington Avenue and met with defendant JAMIE VELEZ before defendant VELEZ and PERSON #5 entered a commercial establishment on the block where PERSON #5 acquired approximately 80 baggies of fentanyl stamped "Hot Sauce" containing approximately 4.915 grams of a mixture and substance containing a detectable amount of fentanyl mixed with tetracaine, procaine and medetomidine.

18. On or about March 4, 2026:

a. PERSON #5 contacted phone number 215-954-0332, used by defendant JAMIE VELEZ, to arrange the purchase of fentanyl stamped "Hot Sauce." Defendant VELEZ and PERSON #5 communicated via cellular telephone to discuss quantity, price, and the location at which defendant VELEZ would sell fentanyl to PERSON #5.

b. Defendant JAMIE VELEZ met PERSON #5 at the 2800 block of Kensington Avenue and sold PERSON #5 approximately 80 baggies of fentanyl stamped "Hot Sauce," which defendant VELEZ retrieved from the front passenger seat of the red Chevrolet Malibu.

19. On or about March 10, 2026, defendant JOSE GONZALEZ exited 7151 Montage Street carrying a weighted red reusable shopping bag. Defendant GONZALEZ traveled in the white Honda Civic to the rear of 4719 Hartel Avenue, before returning to 7151 Montague Street where he was observed reentering the residence without the weighted red reusable shopping bag.

20. On or about March 12, 2026:

a. Defendant JAMIE VELEZ possessed with intent to distribute approximately 2,558 baggies of fentanyl stamped "Hot Sauce," the total weight of which was

approximately 159 grams of a mixture and substance containing a detectable amount of fentanyl, mixed with medetomidine and tetracaine, all for redistribution by members of the HOT SAUCE DTO.

b. Defendant ANYELO RONDON-HERRERA possessed with intent to distribute approximately 1,791 bags of individually packaged and stamped baggies, the majority of which were stamped "Hot Sauce," plus additional bulk powder, the total weight of which was approximately 140.83 grams of a mixture and substance containing a detectable amount of fentanyl, mixed with various adulterants including but not limited to heroin, medetomidine, xylazine, fluorofentanyl, lidocaine, tetracaine, benzocaine, and procaine, all for redistribution by members of the HOT SAUCE DTO.

c. Members of the HOT SAUCE DTO also possessed U.S. Currency as proceeds of drug trafficking and drug distribution paraphernalia including, but not limited to, stamps for "Hot Sauce," stamp pads, grinders, boxes and bags of rubber bands, glassine baggies, scales, small plastic bags, plastic wrap and roller, and miscellaneous other stamps.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 10, 2026, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**JOSE GONZALEZ**

knowingly and intentionally distributed 40 grams or more, that is, approximately 159 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance.

It is further alleged that, before defendant JOSE GONZALEZ committed the offense charged in this count, defendant GONZALEZ had a final conviction for a serious drug felony, that is, a conviction on or about September 26, 2016, in the Commonwealth of Pennsylvania for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, in violation of 35 Pa. C.S.A. § 780-113(a)(30), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense withing 15 years of the commencement of the offense charged in this count.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 12, 2026, at 4719 Hartel Avenue in Philadelphia, in the Eastern District of Pennsylvania, defendant

**JAMIE VELEZ**

knowingly and intentionally possessed with intent to distribute 40 grams or more, that is, approximately 159 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 12, 2026, at 2812 Rawle Street, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ANYELO RONDON-HERRERA**

knowingly and intentionally possessed with intent to distribute: 40 grams or more, that is, approximately 140.83 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance; 5 grams or more, that is, approximately 7.37 grams, of methamphetamine, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), (b)(1)(C).

**COUNT FIVE**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about August 3, 2025, at or around the 2800 block of Kensington Avenue in Philadelphia, in the Eastern District of Pennsylvania, defendants

**JOSE GONZALEZ,**
**JAMIE VELEZ, and**
**OSWALDO MERCED-RIVERA**

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl") and carfentanil, both Schedule II controlled substances, to PERSON #2, a person known to the grand jury, and the death of PERSON #2 resulted from the use of those substances.

2. It is further alleged that, before defendant JOSE GONZALEZ committed the offense charged in this count, defendant GONZALEZ had a final conviction for a serious drug felony, that is, a conviction on or about September 26, 2016, in the Commonwealth of Pennsylvania for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, in violation of 35 Pa. C.S.A. § 780-113(a)(30), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense withing 15 years of the commencement of the offense charged in this count.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 21, United States Code, Sections 841(a)(1) and 846, set forth in this indictment, defendants

**JOSE GONZALEZ,**
**JAMIE VELEZ,**
**OSWALDO MERCED-RIVERA, and**
**ANYELO RONDON-HERRERA**

shall forfeit to the United States of America:

(a) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses;

(b) any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such offenses.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

[redacted]

**GRAND JURY FOREPERSON**

/FOR

**DAVID METCALF**
**United States Attorney**

*No. 26-263*

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

**JOSE GONZALEZ**
**JAMIE VELEZ**
**OSWALDO MERCED-RIVERA**
**ANYELO RONDON-HERRERA**

SUPERSEDING INDICTMENT

**21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(conspiracy to distribute controlled substances – 1 count)**
**21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C)(possession with intent to distribute controlled substances – 2 counts)**
**21 U.S.C. § 841(a)(1), (b)(1)(B) (distribution of controlled substances – 1count)**
**21 U.S.C. § 841(a)(1), (b)(1)(C)(distribution of controlled substances resulting in death – 1 count)**
**Notice of forfeiture**

A true bill.

[redacted]

Filed in open court this 30th day,
Of September A.D. 20 26

[redacted]

Bail, $ ____________